Sheri M. Thome, Esq.
Nevada Bar No. 008657
Jason R. Wigg, Esq.
Nevada Bar No. 007953
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401
Email: Sheri.Thome@wilsonelser.com
Email: Jason.Wigg@wilsonelser.com
*Attorneys for Defendant*
*The Travelers Indemnity Co*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUDY LEKAR, Individually,<br><br>Plaintiff,<br><br>vs.<br><br>DOE DRIVER, Individually; THE TRAVELERS INDEMNITY COMPANY, a Foreign Corporation; DOES I-X, inclusive; and ROE Corporations XI-XX, inclusive,<br><br>Defendants. | Case No. 2:26-cv-01830-APG-MDC<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff RUDY LEKAR ("Plaintiff"), by and through his counsel of record, MAIER GUTIERREZ & ASSOCIATES and POMPONIO INJURY LAW and Defendant THE TRAVELERS INDEMNITY COMPANY ("Travelers"), by and through its counsel of record, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby stipulate to the following Discovery Plan and Scheduling Order.

1. **Initial Disclosures:** The parties participated in the scheduling conference pursuant to Fed. R. Civ. P. 26(f) on **August 18, 2026**. The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than **September 8, 2026**. The parties do not believe that any changes are necessary as to the form of disclosures under Fed. R. Civ. P. 26(a)(1).

2. **Discovery Cut-Off Date(s):** The parties jointly agree and respectfully request the Court approve an extended timeframe for discovery of 240-days from the date Defendant Travelers appeared in this action (June 23, 2026). This exceeds the presumptive period of 180-days as set by

LR 26-1(b)(1). The parties propose a discovery cut-off date of **February 18, 2027**. The reasoning for the longer period of discovery pertains to the $800,000 in medical expenses incurred by the Plaintiff. Obtaining the records will take some time, followed by the need for expert review, which would logistically require an extended date for initial expert disclosures.

3. **<u>Amending the Pleadings and Adding Parties:</u>** The parties shall have until **November 20, 2026** to file any motions to amend the pleadings or to add parties.

4. **<u>Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):</u>** The disclosure of any initial expert witnesses shall be made by **December 18, 2026**. The disclosures of any rebuttal experts shall be made by **January 19, 2027**.

5. **<u>Dispositive Motions:</u>** Dispositive motions may be filed no later than **March 22, 2027**. In the event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days after the extended discovery deadline.

6. **<u>Pretrial Order:</u>** If no dispositive motions are filed, the Joint Pretrial Order shall be filed by **April 21, 2027**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court.

7. **<u>Fed. R. Civ. P. 26(a)(3) Disclosures:</u>** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order. Extensions or Modifications of the Discovery Plan and Scheduling Order: In accordance with Local Rule 26-4, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein must be made not later than twenty-one (21) days before the subject deadline.

8. **<u>Electronic Filing and Service:</u>** The parties' attorneys of record in this matter are registered users with the Court's electronic filing system and as such, consent to electronic service of all documents and things electronically filed with the Court, except for pleadings and other documents set forth in Fed. R. Civ. P. 4. For documents and things that are not filed with the Court, the parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F), each consent to electronic service of the

same as follows: for Plaintiff, service shall be made by email to jag@mgalaw.com, onv@mgalaw.com, bml@mgalaw.com, docket@mgalaw.com and nick@pomponiolaw.com; and for Defendant, service shall be made by email to sheri.thome@wilsonelser.com, jason.wigg@wilsonelser.com, kaitlyn.brooks@wilsonelser.com, and lani.maile@wilsonelser.com.

9. **Electronically Stored Information:** The parties do not at this time anticipate any issues regarding disclosures, discovery or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties anticipate that evidence will be presented to jurors at trial in electronic format. As such, the parties will endeavor to produce all documents in a format compatible with the Court's electronic jury evidence display system. The parties agree that ESI can be produced or presented at trial in a readable image (e.g., .pdf or .tiff) file, while reserving the right to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure. The parties shall work in good faith with respect to the production and presentation of ESI at trial.

10. **Subjects of Discovery:** Unless otherwise limited by subsequent stipulations and/or orders of this Court, the parties agree that discovery may be taken on any subjects permitted by the Federal Rules of Civil Procedure.

11. **Discovery Phases:** The parties do not believe it is necessary to conduct discovery in phases.

12. **Privileged or Protected Documents:** Per FRCP 26(f)(3)(D), the parties expert that discovery materials may involve privileged or work product materials. The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product, and will produce privilege logs as necessary. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by

the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party shall not waive any right to challenge the producing party's assertion of privilege. The parties have discussed the need for a protective order for privileged, trial preparation, and confidential documents and/or information and will be working together to agree on the terms of a stipulated protective order if needed. <u>All disputes will be handled in accordance with this Court's Standing Order.</u>

13. **<u>Alternative Dispute Resolution:</u>** In compliance with Local Rule 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration, and early neutral evaluation. No agreement has been reached at this time. The parties will continue to evaluate opportunities for alternative dispute resolution as the case progresses.

14. **<u>Alternative Forms of Case Disposition:</u>** In compliance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule 26-1(b)(8), the parties certify that they have considered consenting to trial by the assigned Magistrate Judge as well as the use of the Short Trial Program (General Order 2013-01). The parties do not consent to trial by the magistrate judge or to the use of the Short Trial Program at this time.

///

///

///

///

///

///

///

///

15. **<u>Electronic Evidence Certification:</u>** In compliance with Local Rule 26-1(b)(9), the parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. As set forth in paragraph 9 above, the parties anticipate that evidence will be presented to jurors at trial in electronic format and will endeavor to produce all documents in a format compatible with the Court's electronic jury evidence display system.

Dated this 4th day of September, 2026.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: */s/ Sheri M. Thome*
Sheri M. Thome, Esq.
Nevada Bar No. 008657
Jason R. Wigg, Esq.
Nevada Bar No. 007953
6689 Las Vegas Blvd. South, Suite 200,
Las Vegas, Nevada 89119
*Attorneys for Defendant*
*The Travelers Indemnity Co.*

Dated this 4th day of September, 2026.

MAIER GUTIERREZ & ASSOCIATES

By: */s/ Olivia N. VanTrease*
Joseph A. Gutierrez, Esq.
Nevada Bar No. 9046
William A. Gonzalez, Esq.
Nevada Bar No. 15230
Olivia N. VanTrease, Esq.
Nevada Bar No. 17127
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148

Nick Pomponio, Esq.
Nevada Bar No. 13936
Pomponio Injury Law
6590 S. Rainbow Blvd., Suite 240
Las Vegas, NV 89118.
*Attorneys for Plaintiff Rudy Lekar*

**<u>ORDER</u>**

**IT IS SO ORDERED.**

Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: September 8, 2026